UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GMS Mine Repair & Maintenance Inc.,**

      Appellant,

  v.

**Drivetrain,**

      Appellee.

Case No. 2:23-cv-3413

Judge Michael H. Watson

---

**Drivetrain, LLC,**

      Appellant,

  v.

**Wayne's Water N Wells, Inc.**

      Appellee.

Case No. 2:23-cv-3437

Judge Michael H. Watson

---

**Drivetrain, LLC,**

      Appellant,

  v.

**GMS Mine Repair & Maintenance, Inc.,**

      Appellee.

Case No. 2:23-cv-3442

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

GMS Mine Repair & Maintenance Inc., appellant in case number 23-cv-3413, and Drivetrain, the plan administrator, jointly move to consolidate the above-captioned cases.[1] ECF No. 8, Case No. 2:23-cv-3413. It was represented in the joint motion that Wayne's Water N Wells, Inc., appellee to case number 23-cv-3437, opposes consolidation. *Id.* The Court then ordered expedited briefing to allow Wayne's Water N Wells, Inc. to respond by January 19, 2024. ECF No. 27, Case No. 23-cv-3437. Having failed to respond, the Court presumes Wayne's Water N Wells, Inc. no longer has any objection to consolidation. For the following reasons, the motion is **GRANTED**.

"When parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals." Fed. R. Bankr. P. 8003(b)(2). To promote judicial economy, Federal Rule of Civil Procedure 42 authorizes a court to consolidate two or more cases when each involves a common question of law or fact. Fed. R. Civ. P. 42(a). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court[.]" *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted); *see also Tully Constr. Co. v. Cannonsburg Envtl. Assocs. (In re*

---

[1] Since the filing of the joint motion to consolidate in 2:23-cv-3413, the parties to cases numbered 2:23-cv-3440 and 2:23-cv-3971 have filed joint stipulations of dismissals and those cases have been closed.

Case No. 2:23-cv-3413  
Case No. 2:23-cv-3437  
Case No. 2:23-cv-3442

*Cannonsburg Envtl. Assocs.)*, 72 F.3d 1260, 1269 (6th Cir. 1996) ("[C]ourts are routinely granted authority to consolidate related matters.").

Appellants all appeal two Opinions and Orders of the bankruptcy court, one of which is the same in all three cases, Memorandum Opinion and Order, Doc. No. 3163, *In re Murray Energy Holdings Co.*, Bankr. S.D. Ohio No. 19-56885. That Memorandum Opinion and Order deals with the interpretations of West Virginia Code § 38-2-31 (the "Laborer's Lien Statute") and West Virginia Code § 38-2-33. Accordingly, because the cases raise the same threshold legal questions and all arise from the Chapter 11 bankruptcy of Murray Energy Holdings Company, the Court finds consolidation will best serve the goals of the Federal Rules of Civil Procedure by promoting judicial efficiency, avoiding duplicative and potentially contradictory rulings, and reducing the complexity of the cases.

For these reasons, Plaintiffs' motion, ECF No. 8, Case No. 2:23-cv-3413 is **GRANTED**. The Court **ORDERS** that Case Nos. 2:23-cv-3413, 2:23-cv-3437, and 2:23-cv-3442, be consolidated into Case No. 2:23-cv-3413.

The parties to case number 2:23-cv-3442 also jointly move to continue their briefing deadlines. ECF No. 26, Case No. 2:23-cv-3442. The motion is **GRANTED**.

The Court will hold a status conference on **Tuesday, February 13, 2024, at 11:30 a.m.**, for the purposes of setting a briefing schedule.

The Clerk shall terminate ECF No. 8 in case number 2:23-cv-3413 and ECF No. 26 in case number 2:23-cv-3442.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**